MEMORANDUM *
Howard Ehrenberg, Chapter 7 trustee of the bankrupt Heartbeat of the City, N.W., Inc. (“HBOC-NW”), appeals the Bankruptcy Appellate Panel (“BAP”) judgment affirming the denial of all relief in his claims against Bert Tenzer, a creditor of the bankrupt, and against Heartbeat of the Nation (“HBN”), a corporation originally formed by Tenzer for payroll purposes. We affirm.
During the approximately five years of adversarial proceedings in the bankruptcy court, the trustee pursued a number of claims, only two of which remain at issue in this appeal. Both claims seek to recover transfers allegedly made by HBOC-NW to Tenzer or HBN after HBOC-NW had become insolvent in 1999.
The Bankruptcy Judge found after trial on the merits that Ehrenberg failed to prove that HBOC-NW had made preferential transfers because he could not prove that money owed and paid to Tenzer came from HBOC-NW’s funds. There was controversy over the source of the money because a major shareholder, now deceased, was, or may have been, personally liable for certain obligations of the bankrupt corporation, and there was simply a failure of proof as to the source of the funds now claimed to have been preferential payments. Both the deceased shareholder and the corporation kept funds in the same bank from which the checks were obtained to execute the payments in question. The appeal asserts that the BAP erred in affirming the Bankruptcy Judge’s conclusion that the trustee had failed to prove the payments had been made from corporate funds.
In this ease, we are satisfied that the source of the funds transferred was largely a question of fact. We find nothing in the record to convince us that the trier of fact was clearly erroneous. The Bankruptcy Judge weighed the evidence on both sides to conclude that Ehrenberg had not shown that HBOC-NW had an interest in the funds transferred. Thus, the BAP did not err in affirming on that issue.
The Bankruptcy Judge also found that Ehrenberg’s evidence failed to prove that HBOC-NW received less than reasonably equivalent value for money paid to HBN. What evidence there was tended to prove that HBN used the money to process the bankrupt’s payroll. The appeal *637 asserts that the BAP erred in affirming the Bankruptcy Judge’s finding that the trustee had failed to prove that HBOC-NW received less than reasonably equivalent value.
We agree that Ehrenberg failed to produce any evidence that less than reasonably equivalent value was given to HBOC-NW in exchange for the funds that were paid to HBN at or about the critical time. Thus, the BAP did not err in affirming the Bankruptcy Judge’s finding.
Because we cannot say that the Bankruptcy Judge clearly erred in finding that the funds transferred to HBN were for HBOC-NW’s payroll, Ehrenberg’s state law fraudulent transfer claim must also fail.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.